IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN BRIAN DOWLING, | : | |
| Petitioner, | : | NO: 3:CV-06-02085 |
| v. | : | (Judge Caputo) |
| JEFFREY BEARD, Commissioner, Pennsylvania Department of Corrections; LOUIS S. FOLINO, Superintendent of the State Correctional Institution at Greene; and FRANKLIN TENNIS, Superintendent of the State Correctional Institution at Rockview, | : | |
| Respondents. | : | |

## **MEMORANDUM**

This is a capital habeas corpus proceeding brought by a Pennsylvania state prisoner. Following his conviction for first-degree murder and related counts, Petitioner was sentenced to death on November 9, 1998, in the Court of Common Pleas, York County. (Doc. 1). Petitioner's convictions and sentence of death were affirmed on September 29, 2005. Commonwealth v. Dowling, 883 A.2d 570 (Pa. 2005), reargument denied, Commonwealth v. Dowling, No. 255 CAP (December 12, 2005). His petition for certiorari review was denied on October 2, 2006. Dowling v. Pennsylvania, 549 U.S. 838 (2006).

On October 23, 2006, Dowling filed a motion for leave to proceed in forma pauperis and appointment of federal habeas corpus counsel. (Doc. 1). The Court granted the motion on October 24, 2006, and Petitioner was directed fo file a petition for writ of habeas corpus on or before April 22, 2007. (Doc. 3). By Order dated

January 12, 2007, Petitioner's motion for stay of execution was granted. (Doc. 6).

Before his habeas petition was due, Petitioner requested three extensions of time in which to file the petition, (Docs. 9, 12, 14) which were granted, (Docs. 11, 13, 16) respectively.

On July 25, 2007, Petitioner filed a motion to stay the federal proceedings to permit Petitioner to exhaust claims in state court. (Doc. 19). By Memorandum and Order dated September 11, 2007, Petitioner's motion to stay federal proceedings was granted. (Doc. 24). By Order dated February 4, 2011, Petitioner was directed to file quarterly reports as to the status of the state court proceedings. (Doc. 26). Since the issuance of this Court's February 4, 2011 Order, there have been eight status reports submitted. (See Docs. 27-31, 33-35).

Petitioner's recent status reports, filed on August 31, 2012, and November 30, 2012, indicate that Petitioner's Amended PCRA petition and accompanying motions are still pending before Judge Bortner of the York County Court of Common Pleas. (Doc. 35). Based on Petitioner's status reports, that this case has yet to proceed beyond the PCRA Court, the Court finds it necessary to revisit the need for a stay of execution and a stay of proceedings. For the reasons that follow, the Court will lift the previously imposed stay of proceedings and execution, and dismiss the petition.

I. Discussion

A. Statutory Framework

A district court is authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only

on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the very fact or duration of his or her confinement. Preiser v. Rodriguez, 411 U.S. 475, 499 (1973).

A petitioner filing for relief under the federal Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), must generally comply with the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A), before a federal court can consider the merits of his habeas corpus petition. Pursuant to § 2254(b)(1)(A), the petitioner must give the state courts an opportunity to review allegations of error before seeking relief in federal court. Baldwin v. Reese, 541 U.S. 27, 29 (2004). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); see also Rose v. Lundy, 455 U.S. 509, 518-19 (1982) (finding that before a federal court can adjudicate claims under habeas corpus, interests of comity and federalism dictate that the state courts must have the first opportunity to decide a petitioner's claims).

The AEDPA also establishes a one-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1); Wilson v. Beard, 426 F.3d 653, 659 (3d Cir. 2005). This one-year period runs from the date on which the judgment became final by the conclusion of direct review or when the time for seeking certiorari review expires. 28 U.S.C. § 2244(d)(1)(A); Clay v. United States, 537 U.S. 522, 525 (2003). The one-year limitations period is tolled, however, while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2); see

also Pace v. DiGuglielmo, 544 U.S. 408 (2005).

Under Pennsylvania's Post Conviction Relief Act, a petitioner must file for PCRA relief within one year of the date the judgment becomes final. 42 Pa. Cons. Stat. § 9545(b)(1). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review, including discretionary review in the United States Supreme Court and the Pennsylvania Supreme Court, or at the expiration of time for seeking such review. Id. § 9545(b)(3).

### B. Dowling's Petition

Although courts have routinely entered stays to permit petitioners to exhaust state post-conviction proceedings, the United States Supreme Court has recognized that:

> Stay and abeyance, if employed too frequently, has the potential to undermine [the AEDPA's] purpose. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

Rhines v. Weber, 544 U.S. 269, 277 (2005). Accordingly, stays of federal habeas petitions pending the exhaustion of state remedies are available only where: (1) the petitioner has shown good cause for failing to exhaust his claims first in state court; (2) his unexhausted claims are potentially meritorious; and (3) the petitioner has not engaged in intentionally dilatory litigation tactics. Rhines, 544 U.S. at 277-278; Heleva, 581 F.3d at 190.

Unlike Rhines and Heleva, in the case at bar, there is little concern that lifting the stay in this matter will in any way prejudice Dowling's ability to seek federal habeas

4

relief. The statute of limitations on Dowling's federal and state post-conviction proceedings began to run on October 2, 2006. On January 24, 2007, Dowling filed a pro se petition for PCRA relief in the Court of Common Pleas, York County, Pennsylvania. See, Commonwealth v. Frey, CP-67-CR-0005365-1997, Criminal Docket Sheet. Thus, the filing of Dowling's PCRA petition tolled the one-year limitation period. 28 U.S.C. § 2244(d)(2). Therefore, once Dowling exhausts his claims through the PCRA process, he will have approximately 252 days remaining on his one-year limitation period in which to file a timely habeas petition. Because there is no real danger that lifting the stay of proceedings on Dowling's federal petition will result in his federal claims becoming time barred, the Court will lift the stay of proceedings entered on February 27, 2008. See, e.g., Frey v. Beard, No. 1:CV-07-0260 (M.D. Pa. Nov. 19, 2012)(lifting stay of execution and stay of federal proceedings where 228 days remained to timely file federal habeas corpus petition): Housman v. Wetzel, No. 1:CV-11-0167, 2012 WL 983551 (M.D. Pa. Mar 22, 2012) (lifting stay of execution and denying stay of federal proceedings where 109 days remained to timely file federal habeas petition); Sherwood v. Beard, No. 1:10-CV-1073, 2011 WL 6888653 (M.D. Pa. Dec. 30, 2011) (denying stay in capital case where Petitioner had "ample time to file a new habeas petition after exhausting his state claims"); Walter v. Beard, No. 1:09–CV–2465, 2011 WL 5593125 (M.D. Pa. Nov.17 2011) (refusing to grant a stay in a capital habeas proceeding when the petitioner would have 256 days to file a timely habeas petition after exhausting her claims in state court); Cummings v. Beard, No. 09-CV-4033, 2011 WL 239794 (E.D. Pa. Jan. 25, 2011) (concluding that where petitioner would have 248 days to file a timely habeas petition a stay under Rhines or

5

Heleva was not warranted).

### C. Stay of Execution

On January 5, 2007, former Pennsylvania Governor Rendell signed a death warrant, scheduling Petitioner's execution for February 27, 2007. (Doc. 4). On January 12, 2007, this Court granted Petitioner's motion to stay execution. (Doc. 6). Dowling's execution date has lapsed[1], and his execution is no longer imminent, because the original execution warrant has expired and no new warrant has been issued. While the Court recognizes that Pennsylvania law requires the reissuance of the warrant upon vacation of the federal stay, it also permits the Pennsylvania courts to grant another stay for post-conviction purposes upon a finding that "the petitioner makes a strong showing of likelihood of success on the merits." 42 Pa. C.S.A. § 9545(c)(2). Thus, upon renewal of the death warrant, Petitioner may file a motion to stay execution in the PCRA court.

---

[1]Pursuant to 61 Pa. C.S.A. § 4302:
**(a) Time.--**

>(1) After the receipt of the record pursuant to 42 Pa. C.S. § 9711(l) (relating to sentencing procedure for murder of the first degree), unless a pardon or commutation has been issued, the Governor shall, within 90 days, issue a warrant specifying a day for execution which shall be no later than 60 days after the date the warrant is signed.

>(2) If, because of a reprieve or a judicial stay of the execution, the date of execution passes without imposition of the death penalty, unless a pardon or commutation has been issued, the Governor shall, within 30 days after receiving notice of the termination of the reprieve or the judicial stay, reissue a warrant specifying a day for execution which shall be no later than 60 days after the date of reissuance of the warrant.

## II. CONCLUSION

Because Dowling is afforded ample time to return to this Court after he exhausts his state collateral claims, he has failed to satisfy the good cause requirement under Rhines for maintaining the existing the stay and abeyance. Consequently, his stay of federal proceedings will be lifted. Dowling's stay of execution will also be lifted, and his petition for writ of habeas corpus will be dismissed without prejudice. A certificate of appealability will be denied. An order consistent with this memorandum follows.


Dated: December 7, 2012 /s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN BRIAN DOWLING, | : | |
| | : | |
| Petitioner, | : | NO: 3:CV-06-02085 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| JEFFREY BEARD, Commissioner, | : | |
| Pennsylvania Department of | : | |
| Corrections; LOUIS S. FOLINO, | : | |
| Superintendent of the State | : | |
| Correctional Institution at Greene; and | : | |
| FRANKLIN TENNIS, Superintendent of | : | |
| the State Correctional Institution | : | |
| at Rockview, | : | |
| | : | |
| Respondents. | : | |

# ORDER

**AND NOW, THIS 7th DAY OF DECEMBER, 2012**, for the reasons set forth in the Memorandum of this date, **IT IS HEREBY ORDERED THAT:**

1. This Court's stay of federal proceedings, granted on September 11, 2007, (Doc. 24) is **LIFTED**.

2. This Court's stay of execution, issued on January 12, 2007, (Doc. 6) is **LIFTED**.

3. Respondents' Motion to Dismiss the petition without prejudice (Doc. 37) is **DISMISSED** as moot.

4. The Clerk of Court shall **CLOSE** this case.

5. There is no basis for the issuance of a Certificate of Appealability. See 28 U.S.C. § 2253(c).

/s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge